### FLORA JENNINGS v. JOHN HUNTER.[1]

September 29, 1922.

No. 22,836.

**No breach of marriage contract.**
    In an action for a breach of marriage contract the evidence sustains the finding of the jury that no contract was made.

Action in the district court for Stearns county to recover $10,000 for breach of promise to marry. The case was tried before Qvale, J., who at the close of the testimony denied plaintiff's motion for a directed verdict, and a jury which returned a verdict in favor of defendant. From an order denying her motion for a new trial, plaintiff appealed. Affirmed.

*F. M. Ridgway*, for appellant.
*Luke K. Sexton*, for respondent.

DIBELL, J.
Action to recover damages for a breach of a contract of marriage. There was a verdict for the defendant and the plaintiff appeals from an order denying her motion for a new trial.

The only question is whether the evidence sustains the finding of the jury that a contract of marriage was not made. The plaintiff claims that a contract was made by express words. In part she is

[1]Reported in 190 N. W. 69.

corroborated by the testimony of a lady friend. The correspondence passing between the parties is quite consistent with the contract claimed. So is the conduct of the defendant. He denies the promise. Neither the correspondence nor the defendant's conduct necessarily shows his denial untrue.

The view of the trial court on the motion for a new trial is expressed in part as follows:

"There was evidence offered and received which, if believed, would well justify the jury in finding for the plaintiff, and there was evidence which, if believed, would sustain a finding for the defendant. But this court has no power to say which testimony or evidence the jury would believe or that the jury should believe one witness instead of another."

The verdict might have gone for the plaintiff. Under the evidence a verdict for the plaintiff or for the defendant ends the case.

Order affirmed.